PORTAGE GRANGE, NO. 16, PATRONS OF HUSBANDRY *v.*
PORTAGE LODGE, NO. 340, FREE AND ACCEPTED
MASONS.

LANDLORD AND TENANT — LEASE — CONSTRUCTION — WAIVER OF
PROVISIONS.

Where a lease of lodge rooms by one lodge to another, to be used
in common by the lessor and lessee, provided that they should
not be leased or rented to any other lodge, "without a two-
thirds majority of both lodges," the permitting of an-
other lodge affiliated with the lessee and also one affiliated
with the lessor to occupy the rooms by common consent or
acquiescence, was not a waiver of such provision, which en-
titled the lessor to rent the same to a third organization
against the objection of the lessee.

Appeal from Kalamazoo; Adams, J. Submitted June
22, 1905. (Docket No. 48.) Decided September 20, 1905.

Bill by Portage Grange, No. 16, Patrons of Husbandry
against Portage Lodge, No. 340, Free and Accepted
Masons, and others to restrain defendants from interfering
with complainant's lessee. From the decree rendered,
complainant appeals. Affirmed.

*Howard & Howard,* for complainant.

*Alfred S. Frost* and *Alfred J. Mills,* for defendants.

OSTRANDER, J. The facts are somewhat complicated.
Generally, and sufficiently for our purposes, they may be
stated as follows: Complainant and defendant Masonic
Lodge No. 340 occupy the relation of lessor and lessee,
respectively, under a written lease, construction of which
lease is involved and is made in the decree. The provis-
ion of the lease with which the parties are principally con-
cerned is:

"The said party of the first part [complainant] reserves

the use of the second story equally with the said party of the second part, together with all its furniture and fixtures, but reserves the full right and control of the remaining described property, to lease, let, or rent without the consent of the said party of the second part.   It is understood by and between the two parties of this instrument that the upper hall is to be used only for lodge purposes and the transaction of their business, and cannot be leased or rented to any lodge without a two-thirds majority of both lodges."

Complainant did lease these rooms to defendant Ladies of the Modern Maccabees, a body having a lodge system and which on various occasions occupied the lodge rooms. This occupancy was interfered with and the meetings interrupted by persons alleged to represent or be members of the Masonic Lodge, which order had not consented to such leasing and occupancy, and the bill in this cause was filed.   The principal relief prayed for is an injunction restraining said lessee and certain individuals, named, from further interfering with meetings of the Ladies of the Modern Maccabees.   A good deal of testimony was taken. The decree entered denies complainant any relief.   Complainant has appealed.

It is insisted on the part of the complainant, and is the principal contention here, that, because by mutual consent of the parties to the original lease—at least, by mutual acquiescence—the Order of the Eastern Star had been permitted to occupy the rooms, the defendant Masonic Lodge waived the provision of the lease above quoted. It appears, however, that by the same mutual consent an order known as the "Pomona Grange" was permitted to occupy the rooms.   These last-named orders are in some ways affiliated, respectively, with the Masons and with the Grangers.   It would be of no general interest and would profit no one to set out the testimony showing the connection between these orders, nor the course of conduct of each.   The question presented is a mixed one, involving both law and fact.   The circuit judge was warranted in his conclusion, in view of the evidence, that there was

no waiver by defendant lessee of the provision of the lease against letting to other orders. We think, also, the court rightly construed the lease. A careful reading of the record and of the briefs of counsel has convinced us that the decree ought not to be set aside or modified in favor of the party appealing. It is affirmed, with costs of this court to defendants, other than Portage Hive, No. 326, Ladies of the Modern Maccabees.

McALVAY, BLAIR, MONTGOMERY, and HOOKER, JJ., concurred.